IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN LIEBB,

    Petitioner,

  v.

ROBERT WONG, Acting Warden,

    Respondent.
                                         /

No. C 08-02643 CW

ORDER DENYING RESPONDENT'S MOTION FOR STAY

    Respondent Robert Wong[1] requests an expedited ruling on his motion for a stay of the Court's December 2, 2009 Order granting Petitioner Stephen Liebb's petition for a writ of habeas corpus.[2] Petitioner opposes the motion. The matter was taken under submission. Having considered all the papers filed by the parties, the Court denies the motion.

BACKGROUND

    On May 27, 2008, Petitioner filed his petition for writ of

---

[1] In accordance with Rule 2(a) of the Rules Governing § 2254 Proceedings and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Court substitutes Robert Wong as Respondent because he is now Petitioner's custodian.

[2] Respondent has failed to cite authority for his request for an expedited ruling by December 30, 2009, within three Court days from the date of the filing of his motion. The Court notes that Respondent filed his reply on January 4, 2010, after the date he requested for the Court's ruling.

habeas corpus directed to a 2007 denial of parole by the Board of Parole Hearings (Board). On December 2, 2009, the Court granted the petition and remanded this case to the Board to hold a new parole hearing by January 31, 2010, sixty days from the date of the Order, to reevaluate Petitioner's suitability for parole in accordance with the Court's order. In its Order, the Court indicated that, if the Board found Petitioner suitable for parole and set a release date for Petitioner and, if the Governor did not reverse, the Court would stay Petitioner's actual release for two weeks to allow Respondent to request a stay pending appeal from this Court and, if necessary, from the Court of Appeal. Respondent requests a stay of the order requiring a new hearing by January 31, 2010, and, for this reason, requests an expedited ruling on its motion.

LEGAL STANDARD

Rule 62(c) of the Federal Rules of Civil Procedure provides, "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal." The standard for granting a stay pending appeal is similar to that for a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). Thus, a party seeking a stay must show either (1) a likelihood of success on the merits of its appeal and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. Id. The relative hardship to the parties is the critical element in determining whether a stay is justified. Id. In cases

such as this one, where the public is affected, the court should also consider the effect on the public interest of granting the stay. Id. at 1435-36.

## DISCUSSION

Respondent argues that a stay should be granted because he has a high likelihood of success on the merits based on the Court's failure appropriately to apply the deferential standard of federal habeas review and its erroneous application of the "some evidence" test. Further, Respondent argues that these issues are before the en banc panel in Hayward v. Marshall, 527 F.3d 797 (9th Cir. 2008), and that resolution of them could significantly impact this case. Respondent also argues that the Board will be irreparably injured if it has to hold a hearing in accordance with the Court's December 2, 2010 Order because that Order improperly usurps the Board's legislatively mandated duty to assess Petitioner's suitability for parole in the interests of public safety. Respondent contends that the public has an interest in the Board's decision remaining undisturbed during the pendency of the appeal of this Court's decision.

Respondent has not demonstrated a strong likelihood of success on the merits of his appeal. Respondent merely repeats arguments he made in his answer to the petition for writ of habeas corpus, which the Court considered and rejected. See December 2, 2009 Order at 11-12 (addressing Respondent's arguments that California inmates do not have a federally protected liberty interest in parole release and, in the alternative, that due process only entitles an inmate to present his case to the Board and to receive an explanation of why the Board denied parole). In regard to

3

Respondent's argument about the some evidence standard of review, the Court applied Supreme Court and Ninth Circuit authority and California statutes and regulations. See December 2, 2009 Order at 12-15. Although the en banc panel's resolution of <u>Hayward</u> may decide whether California inmates have a federally protected liberty interest in parole release and whether the some evidence standard applies to review of state parole decisions, this possibility does not demonstrate a strong likelihood of success on the merits of this appeal. It is unknown when a ruling in <u>Hayward</u> will be made, what it will decide and how this would affect the December 2, 2009 Order.

Likewise, Respondent's argument that the Board will be irreparably injured because the Court has "usurped" its power by requiring it to hold a hearing in accordance with the December 2, 2009 Order is not persuasive. Respondent had argued that the only remedy the Court could employ was to order another hearing in compliance with due process.

Furthermore, any injury suffered by Respondent or the Board will not be irreparable. As indicated in the December 2, 2009 Order, if the Board finds Petitioner suitable for parole and the governor upholds that finding, the Court will stay Petitioner's actual release for two weeks to allow Respondent to request a stay pending appeal from this Court and, if necessary, from the Court of Appeal. Therefore, the Board's authority and the safety of the public will not be affected if the January 31, 2010 hearing proceeds.

On the other hand, Petitioner will suffer irreparable injury if the Court's order is stayed and the January 31, 2010 hearing is

not held.  The Court has found that Petitioner is entitled to a new hearing, which could result in his release.  If this hearing is delayed indefinitely, Petitioner will suffer further confinement while awaiting re-scheduling of the hearing once his entitlement to it is affirmed.

Respondent's additional argument, presented in his reply, that the state will be irreparably injured by spending money that cannot be reclaimed after the Court-ordered hearing is held is unpersuasive when compared to the constitutional injury suffered by Petitioner.

Because Petitioner will suffer irreparable injury if the December 2, 2009 Order is stayed and Respondent will suffer little or no injury, and because Respondent's likelihood of success on the merits is uncertain, the Court denies Respondent's motion for a stay pending appeal.

CONCLUSION

For the foregoing reasons, Respondent's motion for a stay pending appeal is denied.

IT IS SO ORDERED.

Dated: January 12, 2010

CLAUDIA WILKEN
United States District Judge

5